# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| DREW J. COLE, | |
| Plaintiff, | CV 17-46-GF-JTJ |
| vs. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | **MEMORANDUM AND ORDER** |
| Defendant. | |

Plaintiff Drew J. Cole (Cole) ) has moved for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  The Acting Commissioner of the Social Security Administration (Commissioner) opposes the motion.

## BACKGROUND

Cole applied for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.  The Commissioner denied the application.  Cole sought judicial review.  Cole argued that the Commissioner's decision should be reversed because the administrative law judge (ALJ) had made four errors.  (Doc. 12).  Cole argued that the ALJ had erred: 1) by failing to provide specific reasons for discounting his testimony; 2) by failing to properly consider Listings 11.08C, 11.14B, and 1.06; 3) by improperly discounting the opinions of certain health care

providers; and 4) by failing to incorporate all of his impairments into the hypothetical question presented to the vocational expert. (Doc. 18 at 12).

The Court rejected three of Cole's arguments. (Doc. 18 at 19-35). The Court concluded: 1) that the ALJ did not err with respect to her consideration of Listings 11.08C, 11.14B, and 1.06; 2) that the ALJ did not err when she discounted the opinions of some of Cole's health care providers; and 3) that the ALJ did not err when she presented her hypothetical question to the vocational expert. *Id.* The Court agreed with Cole, however, that the ALJ had erred when she failed to identify specific evidence in the record that supported her decision to discount Cole's testimony. (Doc. 18 at 18-19).

The Court reversed the Commissioner's decision and remanded the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). (Doc. 18 at 37). The Court directed the ALJ to revisit the issue of Cole's credibility on remand. (Doc. 18 at 19, 36-37). The Court directed the ALJ to identify "the specific parts of Mr. Cole's testimony [that] she found not credible" and explain why the testimony was not credible "in light of the evidence and medical records referenced in [her] decision." (Doc. 18 at 18, 36-37). The Court entered its judgment on June 6, 2018. (Doc. 19).

Cole filed the present motion on August 8, 2018. (Doc. 20). Cole seeks an

award of attorney's fees under EAJA in the amount of $10,036.29. (Doc. 20 at 4).

The Commissioner opposes Cole's request for attorney's fees. The Commissioner argues that Cole's request for attorney's fees should not be denied because: 1) the positions that she and the ALJ asserted were substantially justified, and 2) the fee amount requested by Cole is unreasonable given Cole's "limited ratio of success." (Doc. 21 at 2-3).

## DISCUSSION

The EAJA provides that a prevailing party in an action for Social Security benefits, other than the United States, is entitled to recover reasonable attorney's fees unless the court finds that the positions of both the ALJ and the Commissioner were substantially justified, or that special circumstances make a fee award unjust. 28 U.S.C. § 2412(d)(1)(A); *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013).

### A.     Prevailing Party

A claimant who receives a sentence four remand in a Social Security case is a prevailing party for purposes of EAJA regardless of whether disability benefits are ultimately awarded. *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995).

Here, the Court remanded this matter to the ALJ for further proceedings under 42 U.S.C. § 405(g). (Doc. 18 at 37). Cole is the prevailing party.

## B.    <u>Substantial Justification</u>

The government bears the burden of demonstrating that the positions of both the ALJ and the Commissioner were substantially justified. *Meier*, 727 F.3d at 870. The government must show that the ALJ was substantially justified in her position in the underlying administrative proceeding, and that the Commissioner was substantially justified in defending the ALJ's decision in the proceedings before this Court. *Id.*; *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259-60 (9th Cir. 2001).

The test for whether a position is substantially justified "is one of reasonableness." *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005). Substantial justification means "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A substantially justified position has a reasonable basis in both law and in fact. *Pierce*, 487 U.S. at 565; *Hardisty v. Astrue*, 592 F.3d 1072, 1079 (9th Cir. 2010).

An ALJ's position is not substantially justified where the ALJ violates agency regulations, fails to acknowledge settled circuit case law, or fails to describe the specific evidence that supports her decision. *Downey v. Astrue*, 2012 WL 1205824 *3 (E.D. Cal. April 11, 2012) (citing *Gutierrez*, 274 F.3d at 1259-60).

Here, the ALJ's decision was reversed because the ALJ made a fundamental error. The ALJ erred when she discounted Cole's testimony regarding his physical symptoms without identifying the specific evidence in the record that supported her determination. (Doc. 18 at 18-19). The ALJ had a duty to support her non-credibility determination with findings sufficiently specific to permit the court to conclude that she had not discounted Cole's testimony arbitrarily. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493-94 (9th Cir. 2015); *Mangat v. Colvin*, 2017 WL 1223881 *4 (S.D. Cal. Feb. 3, 2017). The ALJ made no specific findings with regard to Cole's testimony. This fundamental legal error by the ALJ was not substantially justified. See *Meier*, 727 F.3d at 872-73. The Commissioner's defense of the ALJ's error in this case likewise was not substantially justified. *Id.* Cole is entitled to attorney's fees under EAJA.

## C. Reasonableness of EAJA Award

EAJA provides for an award of "reasonable" attorney's fees. 28 U.S.C. § 2412(d)(2)(A). The party seeking the award of EAJA fees bears the burden to prove that the fee amount he requests is reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The applicant must submit documentation in support of the fee request. 28 U.S.C. § 2412(d)(1)(B).

The court's inquiry generally entails determining "the number of hours

reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The court may reduce a fee award if the applicant's documentation of hours is inadequate, or the applicant claims "hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. The reasonableness of the total fee request is evaluated in light of a number of factors including the time and labor required of counsel, the novelty and complexity of the issues presented, fee awards in similar cases, and the results obtained. *Hensley*, 461 U.S. at 430 n. 3.

Here, Cole seeks an award of attorney's fees in the amount of $10,036.29. (Doc. 20 at 4). Cole states that this fee amount represents 51 hours of work at the rate of $196.79 per hour. *Id.* Cole has submitted a document entitled "Statement of Hours" in support of his fee request. (Doc. 20 at 5-7). The Statement of Hours describes the work Cole's lawyer has performed in this case. *Id.*

The Commissioner does not challenge the hourly rate charged by Cole's lawyer. The Commissioner argues that the fee amount requested, however, is excessive. The Commissioner argues that the fee amount should be reduced from $10,036.29 to $2,500.00. The Commissioner argues that a reduction to $2,500.00 is appropriate because: 1) Cole had only limited success in this case given that he was successful on only one of the four issues he raised; and 2) Cole's lawyer has

claimed an excessive amount of time with respect to some "administrative tasks." (Doc. 21 at 10-15).

### a. Extent of Cole's Success

The Court applies a two-step analysis to determine whether a fee award should be reduced for "limited success" in a disability case. *Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001) (citing *Hensley*, 461 U.S. at 434). First, the court considers whether the claims upon which plaintiff failed to prevail are unrelated to the claim upon which he succeeded. *Sorenson*, 239 F.3d at 1147. "Claims are unrelated if they are entirely distinct and separate from the claims on which the plaintiff prevailed." *Id.* "Hours expended on unrelated, unsuccessful claims should not be included in an award of fees." *Id.*

Under the second step of the analysis, the court determines whether the "plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Sorenson*, 239 F.3d at 1147. The court focuses "on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* A plaintiff's attorney "should recover a full[] compensation fee" when the "plaintiff has obtained excellent results." *Id.* "A plaintiff may obtain excellent results without receiving all the relief requested." *Id.* (citing *Hensley*, 461 U.S. at 435 n. 11).

Here, all of Cole's arguments relate to a single claim for relief — a claim for Social Security disability benefits. See *Lauser v. Colvin*, 2015 WL 1884330 at *4 (N.D. Cal. April 23, 2015) (citing cases). Cole prevailed on that claim by obtaining a reversal of the ALJ's decision and a remand for further proceedings. *Id.*

With respect to the second prong of the analysis, Cole presented four reasons why this case should be remanded for further proceedings. The Court was persuaded by one of Cole's arguments. The Court's rejection of Cole's other arguments does not support a reduction in the attorney hours claimed. The court should not reduce a fee award "simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Hensley*, 461 U.S. at 435 ("Litigants in good faith may raise alternative legal ground for a desired outcome, and the court's rejection of . . . certain grounds is not a sufficient reason for reducing a fee. The result is what matters."); see also *Lauser*, 2015 WL 1884330 at *4; *Stevenson v. Astrue*, 2012 WL 5412704 at *7 (N.D. Cal. Nov. 6, 2012) (court refused to reduce fee award in a Social Security case although court remanded the action for further proceedings based upon only one of the arguments advanced by plaintiff). Cole achieved the result he desired. See *Stevenson*, 2012 WL 5412704 at *7. The Court determined that the ALJ had erred. *Id.* The Court will not reduce Cole's fee award

on grounds that he did not succeed on all of the arguments he raised.

**b.**     **Claimed Attorney Hours**

The Court has reviewed the Statement of Hours submitted by Cole.  The Court does not find any time entries that appear excessive, redundant, or otherwise unnecessary.

**ORDER**

1.     Cole's Application for an Award of EAJA Fees (Doc. 20) is GRANTED.

2.     Cole is entitled to recover attorney's fees under EAJA in the amount of $10,036.29.

DATED this 6th day of November, 2018.

John Johnston
United States Magistrate Judge